IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DAN KYLE EBERHART § § § *Plaintiff,* § § vs. § § ALLY FINANCIAL INC., a Delaware § corporation; EQUIFAX INFORMATION § SERVICES LLC, a Georgia limited liability § company; and EXPERIAN INFORMATION § SOLUTIONS, INC., an Ohio corporation. § § *Defendants.* § | Case No. 2:23-cv-83 **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff, Dan Kyle Eberhart ("Eberhart"), by and through his undersigned attorney, files this Original Complaint and Jury Demand and would respectfully show the Court the following:

**A.    Jurisdiction, Venue, and the Parties**

1.     The United States District Court for the Middle District of Florida has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action seeks relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

2.     Eberhart is a natural person residing in Collier County, Florida, and is a "person" and "consumer" as defined by the FCRA at 15 U.S.C. § 1681a(b) and (c).

3.     Defendant, Ally Financial Inc. ("Ally"), is a Delaware corporation that regularly furnishes credit information to Equifax and Experian and is a "person" and "financial institution" as defined by the FCRA at 15 U.S.C. § 1681a(b) and (t).  Ally's principal place of business is 500 Woodward Avenue, 10th Floor, Detroit, MI 48226.

4.	Defendant, Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company that regularly evaluates and reports consumer credit information to third parties through interstate commerce and is a "consumer reporting agency" as defined by the FCRA at 15 U.S.C. § 1681a(f). Equifax's principal place of business is 1550 Peachtree Street NW, Atlanta, GA 30309.

5.	Defendant, Experian Information Solutions, Inc. ("Experian"), is an Ohio corporation that regularly evaluates and reports consumer credit information to third parties through interstate commerce and is a "consumer reporting agency" as defined by the FCRA at 15 U.S.C. § 1681a(f). Experian's principal place of business is 475 Anton Boulevard, Costa Mesa, Ca 92626.

6.	Proper venue lies in this Court under 28 U.S.C. § 1391(b)(1)-(2) because Eberhart resides in this District and Division within the meaning of 28 U.S.C. § 1391(c).

7.	The Court has personal jurisdiction over Ally, Equifax, and Experian because they have engaged in continuous and systematic activity in this forum by offering for sale their services and products in this District. Due to their extensive business activities in Florida, the Court's exercise of personal jurisdiction over Ally, Equifax, and Experian does not offend traditional notions of fair play and substantial justice.

**B.	Factual Background**

8.	During the summer of 2022, Eberhart disputed to Equifax and Experian via their websites the accuracy of two false derogatory items that he did not recognize on his credit reports issued by each.

9.	Eberhart specifically disputed eight late payments for JPMCB AUTO account number 118053XXXXXXXX and fourteen "potentially negative months" for Ally Financial

account number 227979XXXXXX, neither of which he recognizes.

10. Eberhart further mailed letters to Equifax and Experian, delivered by the United States Postal Service with delivery confirmation on August 18, 2022 and August 16, 2022, respectively, exercising his right under 15 U.S.C. § 1681g of the FCRA to obtain the source of this false derogatory information found on his credit reports, including the original contracts containing his alleged signature, and disputing this information on his credit reports.

11. Over four months after receiving Eberhart's letters, Equifax and Experian still have not responded to Eberhart's request.

12. On August 2, 2022, Eberhart e-mailed Ally at consumeradvocacy@ally.com requesting documents establishing his alleged liability as "Co-maker" on Ally Financial account number 227979XXXXXX. Ally did not respond to this e-mail.

13. Eberhart mailed another letter to Ally, which was delivered by the United States Postal Service with delivery confirmation on September 9, 2022, disputing that he opened or was ever liable for any debt on Ally Financial account number 227979XXXXXX and requesting all documents evidencing his alleged liability.

14. Ally finally responded with a letter dated November 3, 2022 that included a Third Party Guaranty of a debt incurred by Precision Pipeline Incorporated ("Precision") that Ally alleges contains Eberhart's signature.

15. Eberhart's investigation of the Third Party Guaranty revealed that an unauthorized person used Eberhart's signature stamp on the Third Party Guaranty without Mr. Eberhart's knowledge, general authorization, or specific authorization. Eberhart never approved the use of his signature stamp on loan documents or personal guaranties generally, did not approve the use of his signature stamp on the Third Party Guaranty specifically, was not aware that anyone planned

to use his signature stamp on the Third Party Guaranty before it was used, and was not aware that Precision had obtained the loan, much less with his alleged personal guaranty.

16. Eberhart's attorney discussed the issue with an Ally representative named Jorge in Ally's Executive Customer Relations department on December 7, 2022. Ally's representative informed Eberhart's attorney that Ally would not request the removal of the false derogatory information unless Eberhart filed an identity theft report with the Federal Trade Commission ("FTC").

17. Eberhart submitted an identity theft report, FTC report number 154257457, to the FTC on December 8, 2022.

18. On December 14, 2022, Eberhart delivered letters to Ally, Equifax, and Experian, along with Eberhart's affidavit alleging the facts described herein and disputing that the Third Party Guaranty contains his original signature and FTC report number 154257457, as Ally requested. All four letters were delivered by the United States Postal Services with delivery confirmation.

19. Eberhart's letter to Ally delivered on December 14, 2022 further offered to provide the written opinion of a certified forensic document examiner and handwriting expert establishing that the alleged signature on the Third Party Guaranty is not Eberhart's original signature. Ally has not accepted Eberhart's offer.

20. Ally still has not requested that the credit reporting agencies remove the false derogatory information from Eberhart's credit reports.

21. The credit reporting agencies also have not removed the false derogatory information from Eberhart's credit reports. In fact, the credit reporting agencies still have not even responded to Eberhart's requests under 15 U.S.C. § 1681g of the FCRA to obtain the source of the

false derogatory information described herein found on his credit reports.

22. Ally, Equifax, and Experian have all failed to conduct a reasonable timely investigation after receiving Eberhart's dispute letters and online disputes, resulting in the continued reporting of false derogatory information on Eberhart's credit reports with respect to the alleged Ally and JPMCB – AUTO debt.

23. As a result of the action and inaction of Ally, Equifax, and Experian as alleged above, Eberhart suffered (1) severe ongoing emotional harm including, but not limited to, frustration, stress, anxiety, worry, damage to reputation, and (2) economic losses including, but not limited to, damage to his credit, lower credit scores, and lost opportunities to receive credit, in amounts to be decided by the jury at trial. Eberhart has also incurred attorney fees and costs.

**C.   Conditions Precedent**

24. Eberhart avers that all conditions precedent with respect to his claims against Ally, Equifax, and Experian have been performed or have occurred. Fed. R. Civ. P. 9(c).

**D.   First Claim for Relief under 15 U.S.C. §§ 1681n & 1681o** *(Against Equifax and Experian)*

25. Eberhart re-alleges and incorporates all allegations contained in paragraphs 1-24 by reference.

26. From the summer of 2022 and continuing through the filing date of this Original Complaint, Equifax, and Experian willfully or negligently failed to comply with their responsibilities under the FCRA found at 15 U.S.C. § 1681e(b) by (1) failing to follow reasonable procedures to assure maximum possible accuracy of the information in Eberhart's credit reports and (2) failing to comply with their reinvestigation responsibilities found at 15 U.S.C. § 1681i.

27. As a result of Equifax's and Experian's willful or negligent failure to comply with the FCRA, Eberhart is entitled to compensation for his damages as alleged above, punitive

damages (upon a determination of a willful violation), and reimbursement of reasonable attorney fees and costs under 15 U.S.C. §§ 1681n & 1681o.

E.   **Second Claim for Relief under 15 U.S.C. §§ 1681n & 1681o** *(Against Equifax and Experian)*

28.   Eberhart re-alleges and incorporates all allegations contained in paragraphs 1-24 by reference.

29.   Equifax and Experian received letters from Eberhart on August 18, 2022, August 16, 2022, and August 15, 2022, respectively, requesting under 15 U.S.C. §1681g the sources of information for the false derogatory information reported by Equifax and Experian on Eberhart's credit reports.

30.   Equifax and Experian willfully or negligently failed to comply with their responsibilities under the FCRA found at 15 U.S.C. § 1681g by failing to disclose to Eberhart the sources of information for the false derogatory information included on Eberhart's credit reports.

31.   As a result of Equifax's and Experian's willful or negligent failure to comply with the FCRA, Eberhart is entitled to compensation for his damages as alleged above, punitive damages (upon a determination of a willful violation), and reimbursement of reasonable attorney fees and costs under 15 U.S.C. §§ 1681n & 1681o.

F.   **Third Claim for Relief under 15 U.S.C. §§ 1681n & 1681o** *(Against Ally)*

32.   Eberhart re-alleges and incorporates all allegations contained in paragraphs 1-24 by reference.

33.   From the summer of 2022 and continuing through the filing date of this Original Complaint, Ally willfully or negligently failed to comply with its responsibilities under the FCRA found at 15 U.S.C. § 1681s-2(b) by, after receiving notice of Eberhart's dispute under 15 U.S.C. § 1681s-2(b) regarding the completeness or accuracy of information provided by Ally to Equifax

and Experian (1) failing to conduct a timely investigation with respect to the disputed information contained in Eberhart's credit reports; (2) failing to review all relevant information provided to Ally with respect to Eberhart's disputes; (3) failing to report the results of the investigation to Equifax and Experian; (4) failing to report to Equifax and Experian that the information reported to them by Ally is inaccurate after conducting an investigation; and (5) failing to promptly delete or modify the inaccurate items of information on Eberhart's credit reports based on the results of its reinvestigation.

34.     As a result of Ally's willful or negligent failure to comply with the FCRA, Eberhart is entitled to compensation for his damages as alleged above, punitive damages (upon a determination of a willful violation), and reimbursement of reasonable attorney fees and costs under 15 U.S.C. §§ 1681n & 1681o.

**F.     Jury Demand**

35.     Eberhart demands a jury trial under Rule 38 of the Federal Rules of Civil Procedure on all issues so triable, including on all claims and defenses.

## PRAYER FOR RELIEF

WHEREFORE, after a determination that Defendants' conduct as alleged in this complaint violated the FCRA, Eberhart seeks judgment against Defendants for the following:

   a.     An award of actual damages against Ally, Equifax, and Experian;

   b.     An award of punitive damages against Ally, Equifax, and Experian;

   c.     An award of reasonable attorney fees and costs against Ally, Equifax, and Experian; and

   d.     Any other equitable relief this Court may determine to be fair and just.

Dated: February 6, 2023

                                    **THE LAW OFFICE OF ANDREW P. MARCUS, P.A.**
                                    *Counsel for Plaintiff, Dan Eberhart*
                                    1625 Hendry Street, Suite 201
                                    Fort Myers, Florida 33901
                                    Telephone: (239) 214-6230

                                  By:   */s/ Andrew P. Marcus*
                                          Andrew P. Marcus, Esq.
                                          Florida Bar No. 28093